# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00263-CR

---

**Aaron Richard Davison, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-0177-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Aaron Richard Davison was placed on community supervision after he pled guilty to the offense of failure to stop and render aid. *See* Tex. Code Crim. Proc. art. 42A.053; Tex. Transp. Code § 550.021(c)(1)(A). Eleven months later, the trial court granted the State's amended motion to revoke, revoked appellant's community supervision, and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice.[1] *See* Tex. Code Crim. Proc. arts. 42A.751, 42A.755; Tex. Penal Code § 12.33.

---

[1] The State's amended motion to revoke contained six allegations concerning appellant's violations of supervision conditions, which included the possession of an alcoholic beverage, the use of a narcotic or habit-forming drug without a doctor's prescription, the failure to submit to a urine sample on two occasions, the failure to perform community-service restitution hours, and the failure to complete a driver safety course. At the revocation hearing, appellant pled true to all of the allegations in the motion, and the trial court found that appellant had violated the conditions of his supervision as alleged. The parties then presented evidence as to whether appellant's supervision should be revoked or whether he should be sanctioned and continued on community supervision.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that she sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the revocation proceedings and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.[2]

---

[2] Appointed counsel certified to this Court that she advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim.

Through our independent review of the record, however, we note that the trial court's written judgment revoking community supervision contains non-reversible errors.

First, the judgment states that appellant was convicted of "Accident Involving Death." However, appellant pled guilty to violating section 550.021 of the Texas Transportation Code, which establishes the offense of failure to stop and render aid. *See Leming v. State*, 493 S.W.3d 552, 559 (Tex. Crim. App. 2016) (referring to "Transportation Code statute, Section 550.021" as "the failure to stop and render aid statute"); *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008) (recognizing section 550.021 of Transportation Code as "[t]he statute that makes the failure to stop and render aid a criminal offense); *Duncan v. State*, No. 09-17-00300-CR, 2018 WL 3554676, at *7 (Tex. App.—Beaumont July 25, 2018, pet. ref'd) (mem. op., not designated for publication) (stating that section 550.021 of Transportation Code "defines the offense of failing to stop and render aid"). While the statute is entitled "Accident Involving Personal Injury or Death," it is in the subchapter entitled "Duties Following Accident." The statute does not penalize the conduct of causing an accident that involves injury or death. Rather, it penalizes a person's failure to comply with the statutory requirements concerning stopping, returning, or remaining at the scene of an accident involving injury or death to render aid. The offense is known as "failure to stop and render aid." *See Powers v. State*, No. 12-15-00237-CR, 2017 WL 511223, at *1 n.1 (Tex. App.—Tyler Feb. 8, 2017, no pet.)

App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

(mem. op., not designated for publication) (notwithstanding judgment, court referred to convicted offense "by its customary name, failure to stop and render aid").

Second, the judgment revoking community supervision states that appellant's "Plea to Motion to Revoke" was "Not True." However, the record of the revocation hearing reflects that appellant entered pleas of "True" to all of the allegations contained in the amended motion to revoke.

This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment revoking community supervision to reflect that the "Offense for which Defendant Convicted" is "Failure to Stop and Render Aid" and that appellant's "Plea to Motion to Adjudicate" was "True."

As so modified, the trial court's judgment revoking community supervision is affirmed.

 

 

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, as Modified, Affirmed

Filed: August 14, 2019

Do Not Publish